IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **RHEONDA J. LEARY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00979-P-BP |
| § | |
| **DISCOVER FINANCIAL SERVICES,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Complaint (ECF No. 1) filed on August 31, 2020 by Rheonda J. Leary ("Leary"). This case was referred to the undersigned for pretrial management on that same day. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**I.    BACKGROUND**

Leary alleges that Defendant Discover Financial Services ("Discover") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, in connection with its efforts to collect alleged past due credit card bills. *See* ECF No. 1. Leary at first moved to proceed *in forma pauperis*, but later paid the $400.00 filing fee following an order from the Court suggesting that she was not eligible to proceed as a pauper due to her financial condition. *See* ECF Nos. 2 and 6.

Leary did not serve process on Discover within ninety days of filing the Complaint. On January 5, 2021, the Court notified her of her failure to serve process and extended the deadline for her to file proof of proper service until January 19, 2021. ECF No. 10. The Court cautioned her

that the Court might recommend dismissal of her causes of action without prejudice for failure to serve process if she did not effect service as ordered. *Id.* at 2. Leary did not comply with the order and has not filed proof of proper service of process on Discover.

## II.     LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); *see* Fed. R. Civ. P. 12(b)(5). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice

or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Here, Leary failed to serve Discover within ninety days of filing the Complaint. The Court *sua sponte* extended the deadline and warned Leary of the consequences of failing to comply with the Court's order. But even with the additional time and despite the Court's warning, she did not file proof of proper service or allege good cause for failure to effect timely service.

### III. RECOMMENDATION

Because Plaintiff failed to serve Defendant as required by law, the undersigned recommends that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on January 28, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE